JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Roger C. Gates

**(b)** County of Residence of First Listed Plaintiff   Sussex, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jeffrey M. Patti, PATTI & PATTI, LLC
255 Woodport Road, Sparta, New Jersey 07871
(973) 729-5040

## DEFENDANTS
Dematic Corporation and County of Passaic

County of Residence of First Listed Defendant   Kent County, MI
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
See Attachment "A"

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 340 Marine | Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal | ☐ 380 Other Personal Property Damage | Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☒ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. 1001, et seq.

Brief description of cause:
This action is founded on claims or rights arising under ERISA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE  7-8-2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# CIVIL COVER SHEET ATTACHMENT "A"

Attorneys for Dematic Corporation:

Local Counsel:

Bryan Shay, Esq. (NJ 033382007)
Four Penn Center
1600 John F. Kennedy Blvd. – 13th Floor
Philadelphia, PA 19103
Telephone: (215) 587-1182
Facsimile: (215) 320-4876
E-Mail: bshay@postschell.com


Lead Counsel:

J. Matthew Stephens (Tenn. Bar #021709)*
J. Gordon Howard (Tenn. Bar #026850)*
RUSSELL, OLIVER & STEPHENS, PLC
5178 Wheelis Drive
Memphis, TN  38117
Telephone:  (901) 844-4449
Facsimile: (901) 844-4435
E-Mail: matts@roslawgroup.com
        gordonh@roslawgroup.com

* Motion to appear pro hac vice to be submitted

ATTACHMENT "A"

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE**

| | |
|---|---|
| **ROGER C. GATES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) |
| | ) |
| **v.** | )   **Civil Action No.** _____ |
| | ) |
| **DEMATIC CORPORATION and** | ) |
| **COUNTY OF PASSAIC,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>NOTICE OF REMOVAL</u>

Defendant, Dematic Corporation ("Dematic"), removes this action to this Court, pursuant to 28 U.S.C. § 1441(a) and (c), in support thereof, states as follows:

1.      On or about June 8, 2020, Plaintiff Roger C. Gates ("Gates") filed his Complaint for Declaratory Judgment in this civil action pending in the Superior Court of Passaic County, New Jersey ("State Action").

2.      In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint and all documents received by Dematic accompany this Notice of Removal, as Exhibit "1".

3.      The Clerk of the Passaic County Superior Court issued the Summons to Dematic on or about June 8, 2020.[1]

4.      Dematic was served with the Summons and Complaint on or about June 9, 2020.[2]

5.      This Notice of Removal is filed in the United States District Court for the District of New Jersey, within the time provided by law for removal of civil actions to the United States District Court, pursuant to 28 U.S.C. § 1446.

6.      At all times relevant to this action, Gates was a participant in the Dematic Corporation Salaried Employees Health and Welfare Plan ("Plan"), which is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").

7.      Dematic is the Employer/Sponsor of the Plan, as those terms are defined by ERISA.

8.      The claims asserted against Dematic arise out of Gates's participation in the Plan.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a).

10.     This action is removable pursuant to 28 U.S.C. §§ 1331 and 1441.

---

[1] *See* Ex. 1, Summons and Complaint at 3.

[2] *Id*. at 2.

20538459v1

11.     This Court has original jurisdiction of ERISA actions under 29 U.S.C. § 1132(a).  This action is founded on claims or rights arising under the laws of the United States in that it is based upon and requires the application of ERISA.[3]

12.     Removal jurisdiction exists under 28 U.S.C. § 1441(a) and (c).

13.     Dematic is entitled to remove this civil action pursuant to 28 U.S.C. §§ 1331 and 1441.

14.     Gates's claim against Dematic is a separate and independent claim, and removable under 28 U.S.C. § 1441(c); consequently, no other parties are required to join in this Notice of Removal.

## BASIS FOR FEDERAL QUESTION JURISDICTION

15.     Gates asserts claims against Dematic, which arise out of federal law. As illustrated herein, Gates seeks to have the State Court determine his rights and obligations under the Plan.

16.     In the Complaint, Gates alleges that he was a participant in the Plan and that he received benefits under the Plan as a result of a personal injury accident on or about April 14, 2016 ("Accident").[4]

---

[3] *See* 29 U.S.C. §§ 1132(a) and 1144(a).
[4] *See* Exhibit 1 at 5–6, Complaint at ¶¶ 1, 6, 7.

17.     In the Complaint, Gates alleges that Dematic has asserted a right of reimbursement over the full amount of benefits paid on behalf of Gates as a result of the Accident.[5]

18.     In the Complaint, Gates asks that the State Court adjudicate the parties' respective rights and obligations under the Plan terms and ERISA. Consequently, this Court has jurisdiction over this matter.

19.     As illustrated herein, Gates's claim for a declaratory judgment is actually a claim for benefits under 29 U.S.C. § 1132(a)(1)(B) because he is seeking a determination as to the Plan's equitable right of reimbursement.  Thus, Gates seeks judicial review of his right to benefits under the Plan, and his claim should be properly characterized as a claim for benefits under 29 U.S.C. § 1132(a)(1)(B).

20.     Gates's claims as to Dematic and the Plan derive entirely from the rights and obligations set forth in the Plan, which is governed by ERISA, and, thus, the Complaint states a claim for relief under federal law and this Court has original jurisdiction over this case.

21.     Gates's claim is joined with other non-removable claims of the remaining parties who are believed to be citizens of New Jersey and arise under state law, and, thus, this notice of removal meets the procedural requirements of 28

---

[5] *Id*. at ¶¶ 8, 11.

U.S.C. § 1441(c) and 29 U.S.C. § 1132(e), and the entire case may be removed to this Court.

22.     Pursuant to 28 U.S.C. § 1446(d), Dematic will promptly give written notice of the removal of this action to all parties and will file a copy of this Notice with the State Court.  A copy of the Notice of Removal being filed in the State Action is attached hereto as Exhibit "2".

WHEREFORE, Dematic removes this action from the Superior Court of Passaic County, New Jersey, to the United States District Court for the District of New Jersey, in accordance with 29 U.S.C. §§ 1441 and 1446.

Dated: July 8, 2020

Respectfully submitted,

**POST & SCHELL, P.C.**

[LOCAL COUNSEL]

_s/ Bryan M. Shay_____
Bryan Shay, Esq. (NJ 033382007)
Four Penn Center
1600 John F. Kennedy Blvd. – 13th Floor
Philadelphia, PA 19103
Telephone: (215) 587-1182
Facsimile: (215) 320-4876
E-Mail: bshay@postschell.com

20538459v1

[LEAD COUNSEL]                    J. Matthew Stephens*
                                 J. Gordon Howard*
                                 RUSSELL, OLIVER & STEPHENS, PLC
                                 5178 Wheelis Drive
                                 Memphis, TN 38117
                                 Telephone: (901) 844-4449
                                 Facsimile: (901) 844-4435
                                 E-Mail:  matts@roslawgroup.com
                                          gordonh@roslawgroup.com

                                 Attorneys for Defendant, Dematic
                                 Corporation.

*Application for admission Pro Hac Vice to be filed.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 8, 2020, a true and exact copy of the foregoing was served via U.S. mail, postage prepaid, upon the following:

Jeffrey M. Patti, Esq.
Patti & Patti, LLC
255 Woodport Road
Sparta, NJ 07871

                  **POST & SCHELL, P.C.**

                  *<u>s/ Bryan M. Shay</u>*_____
                  Bryan Shay, Esq. (NJ 033382007)
                  Four Penn Center
                  1600 John F. Kennedy Blvd. – 13th Floor
                  Philadelphia, PA 19103
                  Telephone: (215) 587-1182
                  Facsimile: (215) 320-4876
                  E-Mail: bshay@postschell.com

# EXHIBIT 1 TO
# NOTICE OF REMOVAL

State Court Pleadings Served on Defendant

 **CT Corporation**

**Service of Process Transmittal**
06/09/2020
CT Log Number 537764207

**TO:** Jeffrey Heinze, General Counsel
Dematic Group Limited
507 Plymouth Ave NE
Grand Rapids, MI 49505-6029

**RE:** **Process Served in New Jersey**

**FOR:** Dematic Corp.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ROGER C. GATES, Pltf. vs. DEMATIC CORPORATION and COUNTY OF PASSAIC, Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified Case # PASL169620 |
| **NATURE OF ACTION:** | Employee Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, West Trenton, NJ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/09/2020 at 14:43 |
| **JURISDICTION SERVED :** | New Jersey |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/09/2020, Expected Purge Date: 06/14/2020 |
| | Image SOP |
| | Email Notification,  David M. Keller  david.m.keller@dematic.com |
| | Email Notification,  Telisa Ahn  telisa.ahn@dematic.com |
| | Email Notification,  Jeffrey Heinze  jeffrey.heinze@dematic.com |
| | Email Notification,  Twanda Turner-Hawkins  twanda.turner-hawkins@dematic.com |
| | Email Notification,  Georgette Borrego Dulworth  georgette.dulworth@dematic.com |
| | Email Notification,  CHEOMA SMITH  cheoma.smith@dematic.com |
| **SIGNED:** **ADDRESS:** | The Corporation Trust Company 208 South LaSalle Street Suite 814 Chicago, IL 60604 |
| **For Questions:** | 866-331-2303 CentralTeam1@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| Attorney(s): | **Jeffrey M. Patti, Esq.** |
|---|---|
| Law Firm: | **Patti & Patti, LLC** |
| Address: | **255 Woodport Road** |
| | **Sparta, NJ 07871** |

| Telephone No.: | **(973) 729-5040** |
|---|---|
| Fax No.: | **(973) 729-4367** |
| E-mail: | **jeffrey@pattiandpatti.com** |
| Attorney(s) for Plaintiff(s): | **Roger Gates** |

| | |
|---|---|
| **Roger Gates** | SUPERIOR COURT OF NEW JERSEY |
| | **LAW** DIVISION |
| | **PASSAIC** COUNTY |
| Plaintiff(s) | |
| vs. | DOCKET NO. **PAS-L-1696-20** |
| **Dematic Corporation** | |
| | CIVIL ACTION |
| Defendant(s) | **Summons** |

From the State of New Jersey

To the Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is provided and available in the Civil Division Management Office in the county listed above or online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $ **175.00** and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services Office in the county where you live or the Legal Services of New Jersey statewide hotline at 1-888-LSNJ-LAW (576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is provided and available online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Dated: **June 8, 2020**                                                **/s/ Michelle Smith**

*Clerk of the Superior Court*

Name of Defendant to be Served: **Dematic Corporation**

Address of Defendant to be Served: **c/o The Corporation Trust Company, 820 Bear Tavern Road, West Trenton, NJ 08628**



# Directory of Superior Court Deputy Clerk Offices
## County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Floor
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main Street
Hackensack, NJ 07601
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Floor, Court Facility
49 Rancocas Road
Mount Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
First Floor, Hall of Justice
101 South Fifth Street, Suite 150
Camden, NJ 08103
LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 North Main Street
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street, P.O. Box 10
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Floor, Court House
1 North Broad Street
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Courthouse, First Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 South Broad Street, P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Middlesex Vicinage, Second Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets, P.O. Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079
LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, P.O. Box 3000
40 North Bridge Street
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
First Floor, Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office, Court House
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(908) 475-2010

Legal Services of New Jersey statewide toll
free hotline 1-888-LSNJ-LAW (576-5529)

Powered by
HOT**docs**

**PATTI & PATTI, LLC**
Jeffrey M. Patti, Esq. (#050201998)
255 Woodport Road
Sparta, New Jersey 07871
(973) 729-5040
Attorney for Plaintiffs

---

| | | |
|---|---|---|
| ROGER C. GATES, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION: PASSAIC COUNTY |
| | : | |
| Plaintiff, | : | DOCKET NO.: PAS-L- |
| | : | |
| | : | *Civil Action* |
| v. | : | |
| | : | |
| DEMATIC CORPORATION and | : | COMPLAINT FOR |
| COUNTY OF PASSAIC, | : | DECLARATORY JUDGMENT |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

Plaintiff Roger C. Gates, residing in the County of Sussex, State of New Jersey, complaining of the Defendants herein alleges as follows:

PROCEDURAL HISTORY

1.     On April 14, 2016, Plaintiff Roger Gates was in a near-fatal motorcycle accident on Oak Ridge Road (commonly known as County Route 699) in the Township of West Milford, County of Passaic, New Jersey.

2.     As the matter was related to a public entity, the County of Passaic, the Plaintiff pursued a civil case pursuant to the provisions of N.J.S.A. 59:8-4 ("Title 59"), initiating same by way of service of a Notice of Claim in the prescribed form upon Defendant County of Passaic which notices were served by personal hand delivery on July 13, 2016.

3.     Plaintiff commenced a timely civil suit against the County of Passaic as permitted under Title 59, alleging improper road maintenance and repair, in the Superior Court of New Jersey, Passaic Vicinage. (Docket No.: PAS-L-2925-17)

4.     The matter ultimately began trial in Passaic County on or about January 6, 2020.

5.     On January 31, 2020, a jury reached a verdict in favor of Plaintiff in the amount of $2,645,000.00. *See* **Exhibit A**.

6.     On the date of loss, Plaintiff was an employee of Defendant Dematic Corporation and was a participant in the Dematic Corporation ("Dematic") Salaried Employees Health and Welfare Plan ("the Plan").

7.     As a result of his injuries, Plaintiff Roger Gates received significant medical treatment, largely paid for by the Plan through the Plan administrator Blue Cross Blue Shield of Michigan ("BCBSM").

8.     Defendant Dematic, by and through its administrator BCBSM, asserted their potential right to subrogation and/or reimbursement during discovery as to payments made related to Plaintiff's medical treatment resulting from the subject motorcycle accident. *See* **Exhibit B**.

9.     On March 17, 2020, the Court entered an Order for Judgment which determined the subject lien would not be included on the Order of Judgment as the validity of the lien (specifically whether it fell under the provisions of the Employee Retirement Income Security Act of 1974 or "ERISA", i.e., fully self-funded) needed to be separately adjudicated. *See* **Exhibit C**.

2

10.     Plaintiff filed a motion to amend or alter judgment and on April 24, 2020, the trial court denied the motion again stating the validity of the lien needed to be adjudicated separately. *See* order denying reconsideration motion dated June 24, 2020 annexed hereto as **Exhibit D**.

11.     Health insurance plans that are covered under ERISA (specifically self-funded plans) are entitled to reimbursement; Plaintiff contends that if the subject lien falls under ERISA, Defendant Passaic County would be responsible for paying the lien as the jury verdict indicates that they are liable for Plaintiff damages.  The trial court has agreed with Plaintiff's position in his decisions.

12.     Plaintiff subsequently brought a motion before the trial court requesting post-judgment relief allowing for the filing of a first amended complaint, wherein Dematic would be added as a Defendant seeking a declaration of rights of the respective parties under the Plan. Said motion was denied on May 22, 2020. *See* **Exhibit E**.

13.     The May 22, 2020 Order indicated that the issue of the subject lien must be adjudicated but a different forum was required.  **Exhibit E**.

14.     Plaintiff seek a declaration of rights of the respective parties, himself as employee and Dematic, the Plan holder to determine whether the subject lien is truly self-funded and therefore, is protected by the provisions of ERISA and is due reimbursement from the County of Passaic.

15.     Passaic County is named herein as a party in interest as they would be responsible to pay the lien amount of $756,180.80 to Dematic.

3

## FIRST COUNT

15.    Defendant Dematic, by and through its administrator BCBSM, alleges that they hold an enforceable lien against Plaintiff's recovery in the amount of $756,180.80 as they identified the policy as being protected by the Employee Retirement Income Security Act of 1974 (ERISA).

16.    Defendant Dematic, by and through its administrator BCBSM, has identified their lien in the amount of $756,180.80.  Pursuant to the Court Order of May 22, 2020, said lien accrued on or about January 31, 2020, at which time a jury reached a verdict in Plaintiff's favor. **Exhibit E**.

17.    Based on the outcome of the jury and the possible lien accrual on or about January 31, 2020, the County of Passaic is a party of interest in this matter as they are ultimately the party responsible for paying the lien and are thus joined in this matter.

18.    By reason of the foregoing, a Declaratory Judgment is both necessary and proper in order to set forth and determine the rights, obligations and liabilities that exist between the parties in connection with the aforementioned Plan; a declaratory judgment is specifically necessary to determine whether the subject Plan is within its rights to recover its purported lien.

WHEREFORE, the Plaintiffs demand a declaration of the respective rights of the parties under the Plan and for the court to enter judgment accordingly.

### TRIAL ATTORNEY DESIGNATION

Jeffrey M. Patti, Esq. is hereby designated as trial counsel for the Plaintiffs.

### CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to Rule 4:5-1, the undersigned certifies that to the best of his knowledge, the within matters in controversy are not the subject of any other action pending in any other Court

4

or of a pending arbitration proceeding nor is any action or arbitration proceeding contemplated nor are other parties required to be joined in this action.

**PATTI & PATTI, LLC**
Attorneys for Plaintiff

Dated: June 8, 2020                    By:    */s/ JEFFREY M. PATTI*

**EXHIBIT A**

**VERDICT SHEET**

**Gates v. County of Passaic**

**PAS-L-2925-17**

AS TO DANGEROUS CONDITION & PROXIMATE CAUSE

1.    Did the condition of the roadway constitute a dangerous condition?

Yes __✓__ No _____              Vote Count __6-0__

If your answer is Yes, proceed to the next question.

If your answer in No, cease your deliberations.

2.    Was the dangerous condition a proximate cause of plaintiff's injuries?

Yes __✓__ No _____              Vote Count __6-0__

If your answer is Yes, proceed to the next question.

If your answer in No, cease your deliberations.

3.    Did the dangerous condition create a foreseeable risk of the kind of injury that plaintiff suffered?

Yes __✓__ No _____              Vote Count __6-0__

If your answer is Yes, proceed to the next question.

If your answer in No, cease your deliberations.

4.    Did the defendant County of Passaic have actual or constructive notice of the dangerous condition in enough time to have corrected it before the crash?

Yes __✓__ No _____              Vote Count __6-0__

If your answer is Yes, proceed to the next question.

If your answer in No, cease your deliberations.

5.    Were the measures taken by the defendant County of Passaic in response to the dangerous condition palpably unreasonable?

Yes __✓__ No _____              Vote Count __6-0__

If your answer is Yes, proceed to the next question.

If your answer in No, cease your deliberations.

AS TO COMPARITIVE NEGLIGENCE

8.  Was plaintiff Roger Gates negligent in the operation of his motorcycle on the date of the crash?

Yes _____ No __✓_____                    Vote Count _6 - 0_

If your answer to this question is Yes, proceed to question 9.

If your answer to this question is no, skip question 9 and proceed to question 11.


9.  Was plaintiff Roger Gates' negligence a proximate cause of his injuries?

Yes _____ No _____                    Vote Count _____

If your answer to this question is Yes, proceed to question 10.

If your answer to this question is no, skip question 10 and proceed to question 11.


10.  A.  What percentage of negligence do you attribute to

the defendant Passaic County in this case?                    _____ %


B.  What percentage of negligence to you attribute to

the Plaintiff Roger Gates in this case?                    _____ %


***Total negligence must add up to 100%

Vote Count _____


*If your answer to question #10B indicates that more than 50% of the negligence is attributable to Roger Gates, please enter the percentages, record the vote count and cease your deliberations. If, on the other hand, you answered #10B as 50% or less, move on to answer Question 11 which deals with damages*

<u>AS TO DAMAGES</u>

11.     What sum of money will fairly and reasonably compensate the Plaintiff Roger Gates for damages he sustained as a proximate result of the accident/incident?

A.     Physical Pain, Mental Suffering, Disability, Impairment and Loss of Enjoyment of Life?              $ *680,000*   *no*

B.     Loss of past and future wages              $ *330,000*

C.     Unpaid past medical expenses              $ *465,000*

D.     Cost health insurance              $ *220,000*

E.     Cost of lifetime care              $ *950,000*

TOTAL     $ *2,645,000*

Vote Count *5 - 1*

12.     What sum of money will fairly and reasonably compensate the plaintiff Lorraine Gates for the loss of her spouse's services, society and consortium that she sustained as a proximate result of the crash?

TOTAL     $ *0*

Vote Count *6 - 0*

_____

Jury Foreperson

**EXHIBIT B**

3/2/2018 8:35:19 AM          Hackworth, Laura L.          BCBSM          Page 2

 **Blue Cross Blue Shield** of Michigan

A nonprofit corporation and independent licensee of the Blue Cross and Blue Shield Association

Office of the General Counsel
Subrogation Department
232 S. Capitol Ave., L09A
Lansing, Michigan 48933-1504
(517) 325-4658
FAX No. (877) 257-2012
E-mail:
JLeaming@bcbsm.com

March 02, 2018

9737294367@send.fax

Jeffrey Patti
Patti & Patti
255 Woodport Road
Sparta, NJ 07871

Re:     Our Member/File #: Roger C Gates, ███████
        Your File/Claim #:

Dear Jeffrey Patti:

Please be advised that Blue Cross Blue Shield of Michigan is seeking reimbursement for medical expenses it has paid in connection with the above-referenced claim. We have prepared a Paid Claims Detail showing that BCBSM has paid out to date the sum of $756,180.80 on behalf of Roger C Gates as a result of the injury that incurred on 04/14/2016. I am seeking reimbursement of this amount on behalf of BCBSM. In addition, do not attempt to settle this claim with the insured before you contact this office.

If your medical policy limit has been exhausted, please provide a copy of the medical exhaust letter and a copy of your detailed payment ledger *along with any deductible information this customer may have under their policy.* If you are unable to provide a copy of your detailed payment ledger, please cross reference the BCBSM payment ledger attached and note which claims are duplicates, paid by you and BCBSM, so that BCBSM can request reimbursement from the providers. Please note BCBSM is not a provider and cannot accept reduced payment amounts. The amounts that appear on the attached Paid Claims Detail are the amounts that BCBSM has paid for these services.

Please issue a reimbursement draft payable to "Blue Cross Blue Shield of Michigan," and forward it to me at 232 S. Capitol Ave., L09A, Lansing, MI, 48933-1504. Our Tax ID number is 38-2069753.

Thank you for your cooperation. Should you have any questions, feel free to contact me.

Very truly yours,

Jordan G. Leaming
Assistant General Counsel
Blue Cross Blue Shield of Michigan

cc:     Roger C Gates

**Please be sure to visit our Subrogation website at www.bcbsm.com/subrogation.**

Plaintiff subro and boardable meds09413

**EXHIBIT C**

**PATTI & PATTI, LLC**
Jeffrey M. Patti, Esq. (#050201998)
255 Woodport Road
Sparta, New Jersey 07871
(973) 729-5040
Attorney for Plaintiffs

| | | |
|---|---|---|
| ROGER C. GATES and LORRAINE GATES, his wife | : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: PASSAIC COUNTY |
| Plaintiffs, | : | DOCKET NO.: PAS-L-2925-17 |
| | : | *Civil Action* |
| v. | : | ORDER FOR JUDGMENT |
| COUNTY OF PASSAIC, John Doe 1-10, and Corporation A-Z, | : | |
| Defendants. | : | |

This matter having come before the Honorable Frank Covello, J.S.C. and a jury, commencing Monday January 6, 2020, and concluding on Friday January 31, 2020, and the jury having returned a verdict on Friday January 31, 2020, in favor of the Plaintiffs and against the Defendant in the amount of $2,645,000.00 (two-million six-hundred forty-five thousand dollars), and for good cause shown;

It is on this ___17th___ day of ___March___ 2020;

ORDERED that Judgment and the same is hereby entered in favor of Plaintiff, Roger Gates, and against Defendant, County of Passaic, in the amount of $2,366,000.00 (two-million three hundred sixty-six thousand dollars); and it is further

ORDERED that the total amount of the Judgment entered in favor of Plaintiff, Roger Gates, and against Defendant, County of Passaic, be and is hereby

**$2,366,000.00** (two-million three hundred sixty-six thousand dollars)

ORDERED that the foregoing and same be entered on the docket; and it is further

ORDERED that a copy of this order be served upon all parties within ___7___ days of the date of entry.

/s/ Frank Covello
FRANK COVELLO, J.S.C.

Plaintiff asserts that the sum of $756,180.80 must be added to the judgment because of a lien claim of Blue Cross Blue Shield for past medical expense payments. The allegation is that reimbursement of the past medical bills is appropriate because Blue Cross Blue Shield holds an ERISA lien and that lien under federal law preempts the New Jersey Collateral Source rule. Plaintiff has provided documents to support the lien and submitted arguments on behalf of Blue Cross Blue Shield. However, Blue Cross Blue Shield of Michigan is not a party to this action, and Defendant County of Passaic has raised valid arguments to dispute the validity of the lien. There is insufficient evidence before the court to determine the validity of the lien. For that reason the lien amount will not be added to the judgment. However, the right to assert the claim against the County of Passaic shall not be foreclosed by the entry of this judgment. At the point that a claim is asserted against plaintiff, in the appropriate forum, to enforce the lien, the County may be joined as a party, and the right to payment of the lien may be fully litigated by all necessary parties.

As to the claim for past medical bills that were not reimbursed by Blue Cross Blue Shield, and therefore were not part of the lien, the jury award is reduced from $465,000 to $186,000. The testimony at trial as to the total amount of bills, as well as the usual, customary and reasonable charges came from plaintiff's life care planner, Valerie Parisi. There was no other evidence of this. Plaintiff appropriately cites to the jury charge, which reads: "The amount of payment [for medical expenses] is the fair and reasonable value of such medical expenses." Plaintiff argues, however, that the jurors are not bound by the testimony of an expert and that "we can assume the jury followed the jury instruction and rejected Ms. Parisi's opinion as to usual and customary amount..." While a jury is permitted to disregard the testimony of an expert witness, to do so where there is no other evidence on the subject, requires that the jury speculate on this issue in the absence of any other guideline whatsoever. The award must be the fair and reasonable charges, and the evidence of such supports an award of $186,000. Any other result is unreasonable.

2

.

.

**EXHIBIT D**

**PATTI & PATTI, LLC**
Jeffrey M. Patti, Esq. (#050201998)
255 Woodport Road
Sparta, New Jersey 07871
(973) 729-5040
Attorney for Plaintiffs

---

| | |
|---|---|
| ROGER C. GATES and LORRAINE GATES, his wife | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION: PASSAIC COUNTY |
| Plaintiffs, | : |
| | : DOCKET NO.: PAS-L-2925-17 |
| | : |
| | : *Civil Action* |
| v. | : |
| | : **ORDER** |
| COUNTY OF PASSAIC, John Doe 1-10, and Corporation A-Z, | : |
| | : |
| | : |
| Defendants. | : |
| | : |

---

This matter having come before the Court on behalf of Plaintiffs by their attorneys, Patti & Patti, LLC for a motion to alter or amend the Order of Judgment entered March 17, 2020 pursuant to R. 4:49-2 and on notice to attorneys for Defendants; and the Court having considered the papers of the parties submitted in this matter, and for good cause shown;

IT IS on this ___24th___ day of ___April___, 2020;

~~ORDERED that the Order of Judgment entered March 17, 2020 provide that the total amount of the Judgment entered in favor of the Plaintiffs is $3,401,180.80, which reflects:~~

~~A.~~    ~~Inclusion of the ERISA lien in the amount of $756,180.80; and~~

~~B.~~    ~~Modification of the amount of unpaid medical expenses to the amount awarded by the jury, $465,000.00;~~

**DENIED**

and it is further

1

ORDERED that a true copy of this Order shall be served upon all counsel of record within _____7_____ days of the date hereof.


_____
/s/ Frank Covello
**HON. FRANK COVELLO**   , J.S.C.

Opposed _x__

Unopposed _____


# FOR THE REASONS SET FORTH ON
# THE RECORD AT ORAL ARGUMENT

**EXHIBIT E**

**PATTI & PATTI, LLC**
Jeffrey M. Patti, Esq. (#050201998)
255 Woodport Road
Sparta, New Jersey 07871
(973) 729-5040
Attorney for Plaintiffs

---

| | | |
|---|---|---|
| ROGER C. GATES and LORRAINE GATES, his wife | : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: PASSAIC COUNTY |
| Plaintiffs, | : | DOCKET NO.: PAS-L-2925-17 |
| | : | *Civil Action* |
| v. | : | **ORDER** |
| COUNTY OF PASSAIC, John Doe 1-10, and Corporation A-Z, | : | |
| Defendants. | : | |

---

This matter having come before the Court on behalf of Plaintiffs by their attorneys, Patti & Patti, LLC on a motion for post-judgment relief pursuant to R. 4:50-1(f) seeking leave to file an amended complaint seeking a declaration of rights; and the Court having considered the papers of the parties submitted in this matter, and for good cause shown;

IT IS on this ___22nd___ day of _____May_____, 2020;

ORDERED that Plaintiffs are hereby permitted to file an amended complaint naming Dematic, Corp. as a defendant seeking a declaration of rights under the Dematic Corporation Salaried Employees Health and Welfare Plan within _____ days of the date of entry of this order; and it further

**DENIED**

1

ORDERED that a true copy of this Order shall be served upon all counsel of record within _____7_____ days of the date hereof.


/s/ Frank Covello
**HON. FRANK COVELLO**   , J.S.C.

Opposed __x___

Unopposed _____


This court recognizes that the issue of the ERISA lien must be adjudicated. However, this case is not the proper forum to adjudicate that claim.  The court agrees that the cause of action to enforce the lien did not accrue until the final judgment was entered.  Plaintiff can now litigate that issue in whatever forum the plaintiff deems appropriate.


## FOR THE REASONS SET FORTH ON
## THE RECORD AT ORAL ARGUMENT

# Civil Case Information Statement

**Case Details: PASSAIC | Civil Part Docket# L-001696-20**

**Case Caption:** GATES ROGER  VS DEMATIC
CORPORATION

**Case Initiation Date:** 06/08/2020

**Attorney Name:** JEFFREY MICHAEL PATTI

**Firm Name:** PATTI & PATTI LLC

**Address:** 255 WOODPORT ROAD
SPARTA NJ 07871

**Phone:** 9737295040

**Name of Party:** PLAINTIFF : Gates, Roger, C

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** OTHER INSURANCE CLAIM (INCLUDING
DECLARATORY JUDGMENT ACTIONS)

**Document Type:** Complaint

**Jury Demand:** NONE

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Roger C Gates?** NO

---

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/08/2020
Dated

/s/ JEFFREY MICHAEL PATTI
Signed

# EXHIBIT 2 TO
# NOTICE OF REMOVAL

State Court Notice of Removal

## IN THE SUPERIOR COURT OF NEW JERSEY
## PASSAIC COUNTY, LAW DIVISION

| | | |
|---|---|---|
| **ROGER C. GATES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. PAS-L-1696-20** |
| | ) | |
| **DEMATIC CORPORATION and** | ) | |
| **COUNTY OF PASSAIC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF REMOVAL

Defendant, Dematic Corporation ("Dematic"), gives notice that it has filed a Notice of Removal in federal court.  Dematic would show to the Court that by the filing of the Notice of Removal—a time-stamped copy of which is attached hereto as Exhibit "1"—in the United States District Court for the District of New Jersey, this case has been removed from this Court to said District Court pursuant to 28 U.S.C. §§ 1331 and 1441, *et seq*.

Dated: _____

Respectfully submitted,

**POST & SCHELL, P.C.**

<u>**s/ Bryan M. Shay**</u>
Bryan Shay, Esq. (NJ 033382007)
Four Penn Center
1600 John F. Kennedy Blvd. – 13th Floor
Philadelphia, PA 19103
Telephone: (215) 587-1182
Facsimile: (215) 320-4762
E-Mail: bshay@postschell.com

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on _____, a true and exact copy of the foregoing was served via U.S. mail, postage prepaid, upon the following:

Jeffrey M. Patti, Esq.
Patti & Patti, LLC
255 Woodport Road
Sparta, NJ 07871

                        **POST & SCHELL, P.C.**

                        ***<u>s/ Bryan M. Shay</u>***
                        Bryan Shay, Esq. (NJ 033382007)
                        Four Penn Center
                        1600 John F. Kennedy Blvd. – 13th Floor
                        Philadelphia, PA 19103
                        Telephone: (215) 587-1182
                        Facsimile: (215) 320-4762
                        E-Mail: bshay@postschell.com